UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GLEN R. JEFFERY, JR.,

                   Plaintiff,

v.                                                                  Case No. 19-cv-1212-pp

FUENTEZ, and
TRANSPORT OFFICER # 2,

                   Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT**
**(DKT. NO. 32)**

      The plaintiff, who is confined at the Columbia Correctional Institution and representing himself, filed this case under 42 U.S.C. §1983. Dkt. No. 1. On October 20, 2020, the court screened the complaint and allowed the plaintiff to proceed on a claim that defendants Fuentez and Transport Officer #2 knowingly disregarded a substantial risk of serious harm to the plaintiff's safety when they transported him in a van from the Dodge Correctional Institution to the Milwaukee County Jail for a court appearance. Dkt. No. 14 at 7-9. The plaintiff has filed a motion for leave to file an amended complaint. Dkt. No. 32.

      In support of his motion to amend, the plaintiff states that since he filed the original complaint, he learned that the private company, "G4S Secure Solutions," is liable for the defendants' actions. Id. at 1. The plaintiff says that G4S Secure Solutions employed the transport officers who caused his injuries. Id.

1

Defendant Fuentez has not yet filed a responsive pleading—it is due April 16, 2021. The plaintiff may file an amended complaint "as a matter of course" within twenty-one days after the defendant files a responsive pleading. Federal Rule of Civil Procedure 15(a)(1)(B). The plaintiff has not filed an amended complaint, however—only a motion to amend. He did not include with that motion the proposed amended complaint. If the plaintiff wants to amend the complaint, he must provide the court with the amended complaint he wants to file. The proposed amended complaint must be complete in itself, and he may not incorporate any prior pleading by reference; in other words, he cannot simply tell the court the amendments he wants to make and then say, "See the original complaint for the rest." Civil Local Rule 15(a) (E.D. Wis.). Because the plaintiff did not file a proposed amended complaint along with his motion, the court will deny the motion to amend.

The court advises the plaintiff that G4S Secure Solutions may not be liable under 42 U.S.C. §1983 solely because it employs the defendants. A private corporation may be liable under Monell v. Dep't of Soc. Servs., 436 U.S. 58 (1978) if a "municipal (or corporate) policy or custom gave rise to the harm (that is, caused it)[.]" Thomas v. Martija, Case No. 19-1767, 2021 WL 968833, at *7 (7th Cir. March 16, 2021) (quoting Glisson v. Ind. Dep't of Corr., 849 F.3d 372, 379 (7th Cir. 2017)). To prove that the corporation itself caused the harm, the plaintiff must show that (1) the alleged unconstitutional conduct implements or executes an official policy adopted by the entity's officers, (2) the unconstitutional action was done pursuant to a custom, or (3) an actor with

final decision-making authority within the entity adopted the relevant policy or custom. Id. (citing Monell, 436 U.S. at 690-91, 694).

The court also advises the plaintiff that under 28 U.S.C. §1915A, the court must screen any amended complaint he files, whether as a matter of course or on a motion to amend. The court will dismiss any claim that is frivolous, malicious or fails to state a claim for relief.

The court **DENIES** the plaintiff's motion to amend the complaint. Dkt. No. 32.

Dated in Milwaukee, Wisconsin this 14th day of April, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
