UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GLEN R. JEFFERY, JR.,

                      Plaintiff,

v.                                            Case No. 19-cv-1212-pp

MANUEL FUENTES,
and TRANSPORT OFFICER #2,

                      Defendants.

**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT FUENTES'S MOTION TO DISMISS (DKT. NO. 36)**

      The plaintiff, who is confined at the Columbia Correctional Institution and representing himself, filed this case under 42 U.S.C. §1983. Dkt. No. 1. On October 20, 2020, the court screened the complaint under 28 U.S.C. §1915A and allowed the plaintiff to proceed on a claim that defendants Manuel Fuentes and Transport Officer #2 knowingly disregarded a substantial risk of serious harm to the plaintiff's safety when they transported him in a van from the Dodge Correctional Institution to the Milwaukee County Jail for a court appearance. Dkt. No. 14 at 7-9. Defendant Fuentes has filed a motion to dismiss for failure to state a claim under to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 36.

      In support of his motion, Fuentes contends that the plaintiff has failed to sufficiently plead how Fuentes allegedly acted under color of state law. Dkt. No. 37 at 5-6. Fuentes also contends that the plaintiff has failed to allege a violation of the Eighth Amendment to the United States Constitution or of any

1

of the cited provisions the Wisconsin constitution. Id. at 5-11. He contends that the court should dismiss the plaintiff's complaint or, in the alternative, grant his motion for a more definite statement and direct the plaintiff to amend his complaint. Id. at 14-16.

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) requires a plaintiff to clear two hurdles. First, the complaint must describe the claim in sufficient detail to give a defendant fair notice of the claim and the grounds on which it rests. EEOC v. Concentra Health Servs., Inc., 496 F.3d 773, 776 (7th Cir. 2007). Second, the allegations in the complaint must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level;' if they do not, the plaintiff pleads itself out of court." Id. at 776 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). When considering a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts and drawing all possible inferences in the plaintiff's favor. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

Eighth Amendment Claim

When the court screened the complaint under 28 U.S.C. §1915A, it determined that the complaint stated a claim under the Eighth Amendment. Dkt. No. 14 at 8. The court applied the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure

12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). The court determined the plaintiff had stated a claim against the defendants as follows:

> The Eighth Amendment, as applied to the states through the Fourteenth Amendment, requires prison officials to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "Deliberate indifference occurs when a defendant realizes that a substantial risk of serious harm to a prisoner exists, but then disregards that risk." Perez v. Fenoglio, 792 F.3d 768, 776–77 (7th Cir. 2015) (citing Farmer, 511 U.S. at 837). "The deliberate indifference standard reflects a mental state somewhere between the culpability poles of negligence and purpose, and is thus properly equated with reckless disregard." Id. Mere negligence is not enough to state a claim for deliberate indifference. Farmer, 511 U.S. at 835.
>
> "In general, failure to secure a seatbelt, although unwise, is not a substantial risk of harm that rises to the level of a constitutional violation." Williams v. Wis. Lock & Load Prisoner Transports, LLC, No. 15 C 8090, 2016 WL 4124292, at *3 (N.D. Ill. Aug. 3, 2016). The Seventh Circuit has noted that "[n]either the Supreme Court nor [the Seventh Circuit] has ruled that transporting an inmate without a seatbelt creates an intolerable risk of harm." Dale v. Agresta, 771 F. App'x 659, 661 (7th Cir. 2019). It further notes that other circuits have concluded that, "[w]ithout reckless driving or other exacerbating circumstances, failing to seat-belt a shackled inmate does not pose a substantial risk of serious harm." Id.
>
> The plaintiff has alleged more than failure to secure his seat belt. He has alleged that Officer Fuente[s] and "Transport Officer #2" failed to clean up water in the transportation van, failed to secure his seatbelt, drove recklessly and, upon arriving in the Milwaukee County Jail sally port, slammed on the brakes, causing him to go airborne and crash into a metal divider. If Fuente[s] and Officer #2 had been employees of the Wisconsin Department of Corrections, the plaintiff's allegations would be sufficient to state a claim that they knew of a substantial risk to the plaintiff's safety but disregarded it.
>
> But the plaintiff alleges that Fuente[s] and Officer #2 worked for a private company called G4S. "Most defendants under § 1983 are

public employees, but private companies and their employees can also act under color of state law and thus can be sued under § 1983." Shields v. Ill. Dep't of Corr., 746 F.3d 782, 789 (7th Cir. 2014) (citations omitted). "A private actor may be sued under § 1983 only if the private actor's conduct is 'fairly attributable to the state.'" Rappe v. Unknown Train Conductor, No. 18-cv-6172, 2020 WL 1166179, at *2 (N.D. Ill. Mar. 11, 2020) (quoting Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 923-24 (1982)).

> Private action can become state action when private actors conspire or are jointly engaged with state actors to deprive a person of constitutional rights; where the state compels the discriminatory action; when the state controls a nominally private entity; when it is entwined with its management or control; when the state delegates a public function to a private entity or when there is such a close nexus between the state and the challenged action that seemingly private behavior reasonably may be treated as that of the state itself.

Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7, 570 F.3d 811, 815-16 (7th Cir. 2009) (source citations omitted).

The court will assume, for screening purpose only, that Fuente[s] and Officer #2 were acting under color of state law when they transported the plaintiff to the Milwaukee County Jail and will allow the deliberate indifference claim against them to proceed. The plaintiff will need to use discovery to find out whether they were state actors at the time of the incident and whether they are proper defendants in this suit.

Dkt. No. 14 at 7-9.

In response to Fuentes' motion to dismiss, the plaintiff began by pointing out that this court already has concluded that he has stated a claim. Dkt. No. 43 at 8-9. The plaintiff then attached to his opposition brief a Milwaukee County Circuit Court Order to Produce the plaintiff for a final pretrial hearing for State of Wisconsin v. Glen R. Jeffery, Case No. 2017CF002054. Dkt. No. 43-1. This document orders the warden of the Waupun Correctional Institution to make the plaintiff available to the Sheriff of Milwaukee County, who shall

4

Case 2:19-cv-01212-PP   Filed 07/19/21   Page 4 of 8   Document 50

convey the plaintiff to Milwaukee County Jail and to his final pretrial hearing at the Milwaukee County Circuit Court on September 11, 2018. Id. Thus, it appears that Milwaukee County contracted with G4S, a private company, to transport the plaintiff from Waupun Correctional Institution to the Milwaukee County Jail on September 10 or 11, 2018. The defendants, as employees of G4S, arguably acted under color of state law when they transported the plaintiff under the order to produce. See Hallinan, 570 F.3d at 815-16. (Fuentes appears to concede this issue because he did not raise it in his reply brief, dkt. no. 48.)

The court already has found that the plaintiff has alleged a plausible Eighth Amendment claim. Fuentes' contention that failure to apply a seatbelt does not state a constitutional claim fails to recognize the court's explanation, quoted above, that the plaintiff alleges more than just failure to secure him in a seatbelt. See supra. at 3-4.

Wisconsin Constitution Claim

Although the complaint is titled "Civil Rights Act Complaint Filed Under 42 U.S.C. § 1983," dkt. no. 1 at 1, on page 8, under the heading "Count One 42 U.S.C. § 1983 violation," the plaintiff listed "Eighth and Fourteenth Amend., U.S. Const.; Art. I, §§ 1, 3, 4, 6 and 11 Wis. Const.," dkt. no. 1 at 8. This is the only place in the complaint where the plaintiff mentioned the Wisconsin Constitution; in his preliminary statement on the first page of the complaint, the plaintiff stated that the defendants acted in violation of the Fourth, Eighth and Fourteenth Amendments." Dkt. No. 1 at 1.

Admittedly, the court's October 20, 2020 screening order did not address any claims under the Wisconsin Constitution. Dkt. No. 14. Frankly, the court did not notice that the plaintiff had listed state constitutional provisions under the §1983 heading; it evaluated the plaintiff's claims only under the United States Constitution. In his brief in opposition to the motion to dismiss, the plaintiff simply says that he reiterates his federal Eighth Amendment argument because "the Wis. Const. Art. 1 §6 is applied in a nexus with the Eighth Amendment of the U.S. Const. and thus holds the same value under the 14th Amendment of the U.S. Const. as a deliberate indifference to the plaintiff's . . . safety." Dkt. No. 43 at 12.

Had the court realized that the plaintiff was attempting to assert claims under the Wisconsin Constitution, it would have dismissed those in the screening order. The complaint mentioned five sections of Article I of the Wisconsin Constitution; the plaintiff's opposition brief references only one of those sections, §6. Section 6 states that "[e]xcessive bail shall not be required, nor shall excessive fines be imposed, nor cruel and unusual punishments inflicted." While that language is identical to the language in the Eighth Amendment of the federal Constitution, the plaintiff does not have a §1983 cause of action for violation of the *state* constitution, because "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws *of the United States* . . . ." West v. Atkins, 487 US. 42, 48 (1988). That is true regardless of which section of the state constitution the plaintiff claims the defendants violated.

The other sections of the Wisconsin Constitution that the plaintiff mentioned in the complaint—section 1 (which states that all people are born free and independent and have inherent rights), section 3 (which grants Wisconsin citizens free speech), section 4 (which grants Wisconsin citizens the rights to freely assemble and petition grievances) and section 11 (the state equivalent of the federal Fourth Amendment prohibiting unlawful searches and seizures)—are not relevant to the claims in the complaint, as the defendant argues. Even if §1983 provided a cause of action for violations of a *state* constitution, the plaintiff has not alleged any facts supporting claims that the defendants violated any of these sections.

If the plaintiff intended to allege free-standing violations of the state constitution (rather than asserting those violations as civil rights violations through §1983), the court could not grant the relief he seeks. The state constitution does not authorize suits for money damages except in a limited exception that does apply in this case. Goodvine v. Swiekatowski, 594 F. Supp. 2d 1049, 1054 (W.D. Wis. 2009) (citing W.H. Pugh Coal Co. v. State, 157 Wis.2d 620, 634-35 (1990)). To the extent the plaintiff seeks injunctive relief under the state constitution (his complaint asks for orders enjoining G4S from certain activities), principles of sovereign immunity prevent the court from granting that relief. Id. (citing Pennhurst State Sch. & Hosp. v. Halderman, 464 U.S. 89 (1984) (holding that state sovereign immunity prohibits federal courts from ordering state officials to conform their conduct to state laws)).

The court will grant the defendant's motion to dismiss to the extent that it seeks to dismiss the Wisconsin constitutional claims against him (and in fact, will dismiss those claims as to all defendants). But it will deny the motion as to the plaintiff's Eighth Amendment claim raised through §1983.

The court **DENIES** defendant Fuentes's motion to dismiss to the extent that it asks the court to dismiss the plaintiff's Eighth Amendment claims against Fuentes. Dkt. No. 36.

The court **GRANTS** defendant Fuentes's motion to dismiss to the extent that it asks the court to dismiss any claims under the Wisconsin Constitution. Dkt. No. 36.

The court **ORDERS** that the plaintiff may not proceed against *any* defendant on claims under Article I, Sections 1, 3, 4, 6 or 11 of the Wisconsin Constitution.

Dated in Milwaukee, Wisconsin this 19th day of July, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**