UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GLEN R. JEFFERY, JR.,

          Plaintiff,

v.                                           Case No. 19-cv-1212-pp

MANUEL FUENTES, and
TRANSPORT OFFICER #2,

          Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT (DKT. NO. 58), DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 60), DENYING AS MOOT PLAINTIFF'S MOTIONS TO EXPEDITE (DKT. NOS. 61, 63) AND DENYING AS MOOT MOTION FOR STATUS UPDATE/DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST TO HAVE MAGISTRATE JUDGE PRESIDE OVER CASE (DKT. NO. 66)**

---

      The plaintiff, who is confined at the Waupun Correctional Institution and representing himself, filed this case under 42 U.S.C. §1983. Dkt. No. 1. On October 20, 2020, the court screened the complaint under 28 U.S.C. §1915A and allowed the plaintiff to proceed on a claim that defendants Manuel Fuentes and Transport Officer #2 knowingly disregarded a substantial risk of serious harm to the plaintiff's safety when they transported him in a van from the Dodge Correctional Institution to the Milwaukee County Jail for a court appearance. Dkt. No. 14 at 7-9. The plaintiff since has filed several motions, in part because it has taken the court longer than the plaintiff would like to address his request to amend the complaint. This order addresses those motions.

1

### I. Plaintiff's Motion to Amend the Complaint (Dkt. No. 58)

The plaintiff filed a motion to amend the complaint to identify the name of Transport Officer #2 and "to alter the entire complaint" under Federal Rule of Civil Procedure 15(a). Dkt. No. 58. The plaintiff's proposed amended complaint identifies Transport Officer #2 as G4S Transport Officer Angel Macias. Dkt. No. 58-1 at 1. The proposed amended complaint reiterates the plaintiff's allegations as to the two defendants against whom the court allowed him to proceed, and it describes the allegations he makes against the newly identified defendant. The plaintiff's proposed amended complaint does not make any new substantive allegations. The court will grant the plaintiff's motion to amend the complaint. The proposed amended complaint (Dkt. No. 58-1) will be the operative complaint and the court will order the amended complaint served on newly-identified defendant Macias.

### II. Plaintiff's Motion to Compel (Dkt. No. 60)

The plaintiff filed a motion to compel the defendants to produce electronically stored surveillance videos from the transport vehicle of the car accident at issue in the case, all accident and incident reports, copies of G4S Accident/Transporting Injuries Reporting protocols and all correspondence that originated from the car accident. Dkt. No. 60. The plaintiff attached to his motion the discovery requests he made to defendant Fuentes. Dkt. No. 60-1. In response to each request, Fuentes responded that he is not in possession of any such items or documents. Id. Defendant Fuentes has not filed a response to the plaintiff's motion to compel.

The court advises the plaintiff that the way to obtain information from the defendants is to serve them with discovery requests. Rules 26 through 37 of the Federal Rules of Civil Procedure describe the different ways a party can seek discovery. For example, the plaintiff can ask the defendants to answer certain questions (called "interrogatories"). The plaintiff can ask the defendants to provide him with certain documents ("requests for production of documents"). The plaintiff must send his discovery requests to the appropriate defendant's attorney.

The court becomes involved in the discovery process ***only*** if the opposing party fails to respond to interrogatories or requests for production of documents. If that happens, the party who asked for the discovery may file a motion with the court, asking it to compel the other side to respond, but a party can file a motion to compel only after conferring or trying to confer with the party who failed to make disclosure or discovery. A person cannot file a motion to compel unless that person first tries to work things out with the other side, and any motion to compel should describe these efforts. See Fed. R. Civ. P 37(a); Civil Local Rule 37 (E.D. Wis.).

While it appears that the plaintiff's discovery request was appropriate, he did not file the required certification attesting that he tried to resolve the issue with defendant Fuentes before filing his motion to compel. The plaintiff's motion is premature, and the court must deny the motion without prejudice. The plaintiff may refile his motion after complying with the above-described rules. The court understands that the plaintiff is incarcerated and cannot

simply call up a defendant's lawyer or go to that lawyer's office for a visit. But he may write a letter to defendant Fuentes's lawyer in an effort to resolve the discovery issues. He may also be able to email the defendant's lawyer. If the plaintiff tries those things and is not successful, he may file his motion to compel, along with a certification explaining how and when he tried to work things out with defense counsel, and what happened when he tried. If the plaintiff files another motion to compel and complies with Rule 37, the defendant should file a response to the motion.

### III. Plaintiff's Motion for Expedition of Screening Plaintiff's Amended Complaint (Dkt. No. 61)

Although the plaintiff filed his motion to amend the complaint on October 26, 2021, the court obviously did not act on it right away. Two months later, on December 29, 2021, the court received from the plaintiff a motion asking the court to expedite the screening of the amended complaint. Dkt. No. 61. He noted that he'd heard nothing since he filed his motion. He also asked for guidance on whether the discovery deadlines still applied or whether they were tolled by the filing of the amended complaint. Id. at 2.

The court understands that this litigation is not moving as quickly as the plaintiff would like. Frankly, it isn't moving as quickly as the court would like, either, due to the court's case load and trial schedule. The court now has screened the amended complaint and is allowing the plaintiff to proceed with it, so his request to expedite is moot. As to scheduling, the court will modify the August 11, 2021 scheduling order once the amended complaint has been served on defendant Macias.

### IV. Plaintiff's Motion for Expedited Screening of His Amended Complaint Pursuant to Fed. §§1915(a) (Dkt. No. 63)

In this second motion to expedite screening, filed less than a month after the first one, the plaintiff complained that he could not meet the discovery deadlines because the case had come to a standstill due to the court's failure to screen the amended complaint. Id. at 2. As indicated above, the court now has screened the amended complaint and it will modify the scheduling order.

### V. Plaintiff's Motion for Status Update, and Motion for Appointment of Magistrate Judge to Handle All Proceedings in this Case, Including Trial (Dkt. No. 66)

Most recently, the plaintiff has asked the court to allow a magistrate judge to handle all the proceedings in the case given this court's case load. Dkt. No. 66. He says that "[i]f the Defendants agree," he requests that a magistrate judge be appointed. Id.

Title 28, United States Code, Section 636(c)(1) says that a magistrate judge may conduct any and all proceedings in a jury or non-jury civil matter and enter judgment "[u]pon consent of the parties." In other words, as the plaintiff anticipated, a magistrate judge may handle all aspects of a civil case only if all the parties to that case agree. When the plaintiff filed this lawsuit in August 2019, he filed a magistrate consent form. Dkt. Nos. 5, 6. This court does not know whether the plaintiff consented to having a magistrate judge handle the case or not; judges are not permitted to see those forms, to avoid a situation where a judge might be upset or frustrated with a party who did, or did not, consent. As best the court can tell from a review of the docket, none of the defendants against whom the court allowed the plaintiff to proceed have

5

filed their consent forms. Even if the plaintiff consented to having a magistrate judge handle the case, if all defendants do not specifically consent, the case must remain assigned to an Article III district court judge.

The court will deny the plaintiff's motion because it cannot force the defendants to consent to transferring the case to a magistrate judge. The defendants, however, may consent at any time and if they do (and if the plaintiff does as well), the court assures the plaintiff that the court will immediately transfer the case to a magistrate judge. (While there is no guarantee that a magistrate judge will move the case along faster than this court has, it is likely, given the fact that magistrate judges have somewhat smaller case loads than district court judges.)

**VI. Conclusion**

The court **GRANTS** the plaintiff's motion to amend the complaint. Dkt. No. 58. The court **ORDERS** that the clerk's office docket the proposed amended complaint, dkt. no. 58-1, as the operative complaint and **SUBSTITUE** G4S Transport Officer Angel Macias for Transport Officer #2 on the docket.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the amended complaint and this order on defendant Angel Macias under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per

6

item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** defendants Fuentes and Macias to file a responsive pleading to the amended complaint.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to compel. Dkt. No. 60.

The court **DENIES AS MOOT** the plaintiff's motions for expedited screening of the plaintiff's amended complaint. Dkt. Nos. 61, 63.

The court **DENIES AS MOOT** the plaintiff's motion for status update. Dkt. No. 66.

The court **DENIES** the plaintiff's motion for appointment of magistrate judge to handle all proceedings in this case, including trial. Dkt. No. 66.

Dated in Milwaukee, Wisconsin, this 20th day of May, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**