UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GLEN R. JEFFERY, JR.,

      Plaintiff,

 v.            Case No. 19-cv-1212-pp

MANUEL FUENTES and ANGEL MACIAS,

      Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 105), DENYING PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 110), DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES (DKT. NO. 113), DENYING AS MOOT PLAINTIFF'S MOTION FOR COURT TO RULE ON PENDING MOTIONS TO COMPEL (DKT. NO. 114) AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO INVOKE FOURTEENTH AND FIRST AMENDMENT RIGHTS (DKT. NO. 121)**

  The plaintiff, who is incarcerated at the Columbia Correctional Institution and is representing himself, filed this civil rights case under 42 U.S.C. §1983. Dkt. No. 1. The court screened the complaint under 28 U.S.C. §1915A and allowed the plaintiff to proceed on a claim that defendants Manuel Fuentes and "Transport Officer #2" knowingly disregarded a substantial risk of serious harm to the plaintiff's safety when they transported him in a van from Dodge Correctional Institution to the Milwaukee County Jail for a court appearance. Dkt. No. 14 at 7-9. On May 20, 2022, the court granted the plaintiff's motion to amend the complaint. Dkt. No. 68 at 1. The amended complaint is the operative complaint; it identifies Transport Officer #2 as Angel Macias. Dkt. No. 69. On June 13, 2022, defendant Fuentes answered the

1

amended complaint. Dkt. No. 71. Defendant Macias answered the amended complaint on December 6, 2022. Dkt. No. 112. This order addresses several pending motions.

I.  **Plaintiff's Motions to Compel (Dkt. Nos. 105, 110) and Motion to Rule (Dkt. No. 114)**

The plaintiff has filed a motion to compel Fuentes to produce surveillance camera video footage of the incident that occurred in the transport van on September 10, 2018, and "all accident, injury, and incident reports, reporting protocols, and all interdepartmental (G4S Secure Solutions) correspondence (e.g., emails, memorandums, notes etc.) to plaintiff for copy and inspection." Dkt. No. 105 at 1-3. The plaintiff recounts his attempts to obtain this discovery. First, he says that on April 21, 2021, he submitted a motion for preservation of video footage evidence for trial and the court granted his motion to contact the defendant before the court issued a scheduling order for the limited purpose of requesting that video footage from the transport of the plaintiff be preserved. Id. at 1 ¶¶1-2; see also Dkt. Nos. 33, 34.[1] The plaintiff submitted his first request for production to Fuentes and on November 3, 2021, Fuentes responded that he did not possess the requested documents or video footage. Dkt. No. 105 at 1-2 ¶¶3-4. About two weeks later, the plaintiff moved the court to compel this discovery; the court denied the motion without

---

[1] According to the docket, on May 27, 2021, the plaintiff sent to G4S Secure Solutions, the defendants' employer, a letter requesting preservation of the video footage of the incident/car accident that occurred on September 10, 2018, between 9:00 a.m. and 11:30 a.m., and the accident/injury reports from the officers involved. Dkt. No. 47.

prejudice because the plaintiff did not certify that he had consulted with Fuentes before filing the motion. Id. at 2 ¶5. On October 5, 2022, the plaintiff filed his second request for the video footage and documents and Fuentes reiterated that he did not possess the discovery. Id. at 2 ¶¶6-7. The plaintiff states that he "has not been afforded an opportunity to speak to the opposing counsel pertaining the discussion of his production denials," and that Fuentes has used evasive tactics to prevent the plaintiff from receiving the discovery. Id. at 2 ¶7; 3 ¶12. According to the plaintiff, Fuentes responded to his discovery requests by stating that he did not possess the items or documents. Dkt. No. 106 at 2 ¶3. The plaintiff contends that Fuentes does not have to have "actual possession" of the video footage or documents the plaintiff requested and that because he still works at G4S Secure Solutions (or any other title it has taken on), Fuentes has the "legal right" to obtain the discovery on demand. Id. at 3-4 ¶7.

Fuentes responded, contending that the court should deny the plaintiff's motion to compel because the plaintiff did not comply with Civil Local Rule 37 by providing the date and time of his meet-and-confer conference with counsel as well as the names of all parties that participated in the conference. Dkt. No. 116 at 1-2. Fuentes also asserts that the plaintiff has not properly supported his argument that the plaintiff is entitled to the documents and video regardless of whether Fuentes possesses them. Id. at 2. He states that the plaintiff has failed to show how Fuentes, an employee, has sufficient control over the documents that belong to his employer. Id. at 4. Fuentes states that

3

the plaintiff's discovery requests seek the production of various documents, including Fuentes' personnel records, as well as security camera footage and that these items are not in his possession, custody or control. Id. He contends the proper method of obtaining any such documents would be the issuance of subpoena and that the court should deny the plaintiff's attempts to circumvent standard discovery procedures. Id.

A party may serve on another party a discovery request within the scope of Federal Rule of Civil Procedure 26(b)[2] to produce and permit the requesting party to copy documents or electronically stored information in the responding party's possession, custody or control. Fed. R. Civ. P. 34(a)(1)(A). A party may move for an order compelling discovery if the opposing party fails to produce documents as requested under Rule 34. Fed. R. Civ. P. 37(a)(1), (1)(3)(B)(iv). The court must treat an evasive or incomplete response as a failure to respond. Fed. R. Civ. P. 37(a)(4). The motion to compel must include a certification that the movant has in good faith conferred or attempted to confer with the other

---

[2] Rule 26(b) provides in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

party in an effort to obtain the discovery without court action. Fed. R. Civ. P. 37(a)(1).

Fuentes does not contend that the requested discovery does not fall within the scope of Rule 26(b). According to the plaintiff, the video footage consists of "the actual surveillance camera video footage of plaintiff colliding with the metal rear-middle compartment wall, the surface of the metal flooring having an excess of water sloshing around, the non-use of safety belt, and plaintiff being actually knocked unconscious." Dkt. No. 105 at 3 ¶10. He states that the "accident/injury reports" that Fuentes admitted to filing pertain to the plaintiff being injured in the transport van. Id. at 3 ¶11. This discovery is relevant to the plaintiff's claim against the defendants. See Fed. R. Civ. P. 26(b).

Fuentes contends that the plaintiff did not comply with Civil L.R. 37 because he didn't provide the date and time of a meet-and-confer meeting between the parties regarding the discovery issues, or the names of the parties who participated in the meeting. The plaintiff *did* state that he has not been afforded an opportunity to speak with opposing counsel about the discovery denials, but the court does not know what this means. Did the plaintiff try to set up a telephone conference with counsel about the discovery issues? Did he try to send letters that were returned? In any event, the court does not generally require incarcerated individuals to meet in person with counsel to satisfy the Rule 37 meet-and-confer requirement. The court finds that the plaintiff has satisfied the requirement that he tried to resolve his discovery

issue with counsel before filing the instant motion to compel because he filed two separate discovery requests and a prior motion to compel seeking the discovery. The court will not deny the plaintiff's motion to compel on the ground that he failed to certify that he participated in an in-person meet-and-confer conference with counsel.

In his discovery response, Fuentes said he does not possess the documents or surveillance video footage. In response to the plaintiff's motion to compel, Fuentes states that he does not possess, control or have custody of the surveillance video or documents, that they belong to his employer (G4S Secure Solutions) and that the plaintiff should obtain the discovery via a subpoena. The parties do not dispute that Fuentes does not possess the discovery, but the plaintiff contends that Fuentes has control of the documents that his employer, G4S Secure Solutions, possesses. A party must have sufficient control over the evidence sought a court to compel its disclosure. Thermal Design, Inc. v. Am. Society of Heating, Refrigerating and Air-Conditioning Engineers, Inc., 755 F.3d 832, 838-39 (7th Cir. 2014). In determining whether a party has such control, "the test is whether the party has a legal right to obtain the evidence." Id. at 839 (quoting Dexia Credit Local v. Rogan, 231 F.R.D. 538, 542 (N.D. Ill. 2004)) (internal quotations and alterations omitted); see In re Folding Carton Antitr. Litig., 76 F.R.D. 420, 423 (N.D. Ill.) (explaining that the issue of custody and control "depends on the facts of the case").

According to Fuentes, the plaintiff's discovery requests seek the production of various documents including Fuentes' personnel records as well

as security camera footage. Fuentes has sufficient control over documents in his personnel records, even though his employer possesses them, because he has a legal right to his personnel file. See Wis. Stat. §103.13; see also Scott v. Brodersen Enter. of Wis./Brodersen Mgmt., No. 13-C-1297, 2016 WL 3080814, at *2 (E.D. Wis. May 31, 2016) (Wisconsin's Open Personnel Records Law, which grants past and present employees the right to view and copy their personnel files at least two times each calendar year.); cf. Bowman v. Consol. Rail Corp., 110 F.R.D. 525, 526 (N.D. Ind. 1986) (finding that employee had legal right to obtain information submitted to Railroad Retirement Board in connection with application for benefits); Correia v. Town of Framingham, No. CIV. 12-10828-NMG, 2013 WL 952332, at *3 (D. Mass. Mar. 8, 2013) (to the extent that defendant's personnel file contains information responsive to plaintiff's discovery requests, defendant must request and produce it because under Massachusetts law, defendant has a right to obtain information from his personnel file upon demand and, therefore, such information is within his control for purposes of Rule 34).

On the other hand, the plaintiff has not shown that Fuentes has a legal right to the security camera footage from the incident or any document not contained in Fuentes' personnel records. According to Fuentes, these documents belong to his employer, G4S Security Solutions, and the proper method of obtaining any such documents, should they exist, would be the issuance of a subpoena. Because the plaintiff has not shown that Fuentes possesses, controls or has custody of the security camera footage or any

document not in Fuentes' personnel file, the court will not compel Fuentes to produce this discovery.

In sum: The court will grant the plaintiff's motion as to the documents contained in Fuentes' personnel file and deny the motion as to the video surveillance footage and any documents not contained in Fuentes' personnel file. The court will not award costs to either party.

On December 5, 2012, the plaintiff filed a motion to compel non-parties to produce the video footage and reports described in his motion to compel against Fuentes. Dkt. No. 110. It appears that the plaintiff believes that he served subpoenas on three non-party entities to obtain this information. Id. at 1. He says he "self-served" a subpoena on a litigation coordinator at Dodge Correctional Institution. Id. at 1-2. The plaintiff has not shown that he complied with the procedural requirements for the issuance of a subpoena and the court will therefore deny his motion to compel. See Fed. R. Civ. P. 45(a), (b).[3]

The court will send the plaintiff a blank subpoena form along with this order. He may use it to prepare a subpoena to serve on non-party G4S Security Solutions to request any discovery he still needs. Once the plaintiff has filled out the subpoena form, he may return it to the court and, given the plaintiff's indigent status, the court will order the United States Marshals Service to serve

---

[3] There are many requirements for a valid subpoena: it must state the name of the court that issued it, the case name and number, the text of Rules 45(d) and (e). It must be issued by the court. It must list the time and place for the production of the items to be produced. It must be formally served by delivering the copy of the subpoena to the person or entity named.

8

Case 2:19-cv-01212-PP   Filed 06/11/23   Page 8 of 13   Document 140

the subpoena. See 28 U.S.C. §1915; 9A Charles Alan Wright, et al., Federal Practice & Procedure §2454 (Westlaw Nov. 2018) (Section 1915(c) requires the Marshal's Service to serve an indigent party's subpoena duces tecum).

The plaintiff has filed a motion for the court to issue an order on his motions to compel because the defendants have stonewalled his ability to litigate this case. Dkt. No. 114. Because this order addresses the plaintiff's motions to compel, the court will deny that motion as moot.

## II. Plaintiff's Motion to Strike the Defendants' Affirmative Defenses (Dkt. No. 113)

The plaintiff has filed a motion to strike defendants' affirmative defenses under Fed. R. Civ. P. 12(f) because he alleges that they conflict with his complaint allegations. Dkt. No. 113. The defendants did not file a response to this motion.

Rule 12(f) permits a court to strike from any pleading "an insufficient defense or any redundant, material, impertinent, or scandalous matter." Although motions to strike an affirmative defense generally are disfavored, motions that seek to "remove unnecessary clutter from the case" may expedite, rather than delay, proceedings. Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989). District courts have discretion in ruling on motions to strike. See, *e.g.*, Zuppardi v. Wal-Mart Stores, Inc., 770 F.3d 644, 647 (7th Cir. 2014) ("A district court's grant or denial of a motion to strike is reviewed for an abuse of discretion.").

Federal Rule of Civil Procedure 8(c) provides a non-exhaustive list of affirmative defenses and requires parties to "affirmatively state" all affirmative

9

defenses in a responsive pleading. The Seventh Circuit has stated that "a defense not listed in Rule 8(c) is an affirmative defense that must be pleaded if the defendant bears the burden of proof on the issue under state law or if the defense does not controvert the plaintiff's proof." Reed v. Columbia St. Mary's Hosp., 915 F.3d 473, 478 (7th Cir. 2019). Because affirmative defenses are pleadings, they must comply with the general pleading requirement of Fed. R. Civ. P. 8(a), which requires "a short and plain statement" of the defense that gives the other party fair notice of the nature of the defense. Rule 8 further requires that "[e]ach allegation must be simple, concise, and direct" but "[n]o technical form is required." Fed. R. Civ. P. 8(d)(1). Case law in this district makes clear that "bare bones conclusory allegations" do not suffice. See, e.g., Heller, 883 F.3d at 1295 ("The remaining defenses are equally meritless. They are nothing but bare bones conclusory allegations.").

The plaintiff disagrees with the defendants' affirmative defenses; he is entitled to do so. But the defenses are not redundant, immaterial, impertinent or scandalous. The defendants have the right to defend themselves against the plaintiff's allegations that they caused his injuries. The plaintiff will have the opportunity to respond to the merits of the defenses through his response to a summary judgment motion or at trial. The court will deny the plaintiff's motion to strike.

### III. Plaintiff's Motion for Leave to Invoke Constitutional Rights (Dkt. No. 121)

The plaintiff has filed a motion for "leave, to invoke his Fourteenth and First Amendment rights for equal protection and due process clauses." Dkt. No.

121 at 1. He states that he recently received from defendants a request for "Authorization for Use and Disclosure of Protected Health Information" which says that the "possessor" of his protected health information is the Wisconsin Department of Corrections. Id. The plaintiff says that the defendants have consistently denied him his discovery requests and he believes that until the defendants provide him all accidents, injuries, investigatory and injury reports and all surveillance video footage for use as evidence, he needn't provide them with his health information. Id. at 2. He requests that the court order that if the defendants want to exchange discoverable materials, then they should contact him with agreement to swap information. Id.

*Both* parties are obligated to comply with the reasonable and proportional discovery demands of the other side. There is no exception in the Federal Rules of Civil Procedure that says if one party does not comply, the other party need not do so, either. The plaintiff has placed his health at issue by alleging that he suffered injuries resulting from what happened in the van. The defendants are entitled to see the plaintiff's medical records to determine whether they support the plaintiff's claims. Further, the parties' disputes about discovery do not rise to the level of constitutional disputes. They do not invoke the Equal Protection or Due Process clauses.

The plaintiff also asks the court to "interven[e] aiding potential settlet [sic] agreements between all parties." Dkt. No. 121 at 2. To the extent that the plaintiff is asking the court to facilitate settlement negotiations between he parties, the court cannot grant that request. If the parties wish to have

assistance in negotiating a settlement of the case, they may notify the court that all parties would like assistance, and the court can appoint a magistrate judge to act as a neutral mediator.

The court will deny the plaintiff's motion.

**IV. Conclusion**

The court **GRANTS IN PART AND DENIES IN PART** the plaintiff's motion to compel. Dkt. No. 105. The court **GRANTS** the motion as to the documents contained in Fuentes' personnel records and **ORDERS** Fuentes to provide these documents to the plaintiff by **June 30, 2023**. The court **DENIES** the motion as to the surveillance camera video and any documents not contained in Fuentes' personnel records.

The court will mail the plaintiff a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action form along with this order. Once he has completed the form, the plaintiff should return it to the court and the court will order the U.S. Marshals Service to serve the subpoena.

The court **DENIES** the plaintiff's motion to compel. Dkt. No. 110.

The court **DENIES** the plaintiff's motion to strike defendants' affirmative defenses. Dkt. No. 113.

The court **DENIES AS MOOT** the plaintiff's motion for court to rule on plaintiff's pending motions to compel. Dkt. No. 114.

The court **DENIES** the plaintiff's motion for leave to invoke Fourteenth and First Amendment rights. Dkt. No. 121.[4]

Dated in Milwaukee, Wisconsin this 11th day of June, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

---

[4] The court is aware that the plaintiff has filed two more motions—a motion asking the court to prohibit the defendants from obtaining certain information in depositions (Dkt. No. 126) and a motion for a preliminary injunction (Dkt. No. 130). The court will rule on those motions by separate order.